UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROGER GREGORY WINBORN,

        Petitioner,                          CASE NO. 13-cv-14527

vs.                                          HON. VICTORIA A. ROBERTS

UNITED STATES OF AMERICA,          CRIMINAL NO. 12-20399

        Respondent.

_____/

**OPINION AND ORDER DENYING
PETITION FOR WRIT OF HABEAS CORPUS, GRANTING CERTIFICATE OF
APPEAL AND DENYING IN FORMA PAUPERIS STATUS**

**I. INTRODUCTION**

      Roger Gregory Winborn filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. §2255, asserting that his Sixth Amendment constitutional right to effective assistance of counsel was violated. A federal jury convicted him of possession with intent to distribute Oxycodone, 28 U.S.C. §841(a)(1) and 28 U.S.C. §841(b)(1)(C). He was sentenced to 90 months in prison and 3 years of supervised release.

      Petitioner states that counsel was ineffective for failing to conduct an independent examination of the facts, circumstances and law involved. He also argues that defense counsel was ineffective for misadvising him, which caused him to reject a Rule 11 Plea agreement. He alleges prejudice from defense counsel's deficient performance and asks for an evidentiary hearing.

      The court finds that the Petitioner is not entitled to federal habeas relief and **DENIES** the petition.

## II. STATEMENT OF FACTS

Around June 14, 2012, Petitioner was charged in an Indictment with possession with intent to distribute Oxycodone, 28 U.S.C. §841(a)(1) and 28 U.S.C. §841(b)(1)(C). The indictment alleged that Petitioner distributed Oxycodone with Dr. Kanwar Mendiratta, Lawrence Pratt and others, from January 2009 to July 2010.

Before trial, the Government offered Petitioner a Rule 11 Plea bargain. The terms of the plea included a stipulation to relevant conduct in the amount of 1,000 Kilos of marijuana equivalent, a 2 point enhancement for leader/organizer, and a 3 point reduction for acceptance of responsibility. The Rule 11 calculated a guideline range of 121 to 151 months. Petitioner rejected it. Without a Rule 11, the guideline range was 151 to 181 months.

When arrested, Petitioner gave a statement to the Government admitting his involvement. His statement was provided to defense counsel in discovery and was admitted against Petitioner at trial.

Defense counsel used this discovery to prepare a trial strategy. Specifically, defense counsel admitted a picture of the Petitioner when he was arrested, and asked questions of the agent relating to the interrogation, to imply that Petitioner was under the influence of drugs when he gave the statement.

Petitioner alleges that the Rule 11 Plea agreement would have placed him in a more favorable sentencing guideline range, that defense counsel advised him to reject it, and that defense counsel did not challenge his self-incriminating statement made to the Government. Petitioner also alleges that defense counsel conducted no investigation.

Petitioner was convicted at trial and given a 90 month sentence; this represented a significant reduction from the applicable sentencing guideline range.

## III. ANALYSIS

**1. Standard of Review.**

A federal prisoner challenging his sentence under 28 U.S.C. §2255 must show that: the sentence violates the Constitution or laws of the United States; the court does not have jurisdiction; the sentence was more than the authorized maximum; or, the sentence is subject to collateral attack. 28 U.S.C. §2255.

"A prisoner seeking relief under 28 U.S.C. §2255 must allege either: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006); *Mallett v United States*, 334 F.3d 491, 496-97 (6th Cir. 2003); *Moss v. United* States, 323 F.3d 445, 454 (6th Cir. 2003); *Weinberger v. United* States, 268 F.3d 346, 351 (6th Cir. 2001). Petitioner bears the burden to establish an error of constitutional magnitude which has substantial and injurious effect or influence on the criminal proceeding. *Reed v. Farley*, 512 U.S. 339, 353, 114 S. Ct. 2291, 129 L. Ed. 2d 277 (1994).

Petitioner does allege an error of constitutional magnitude; he claims that his Sixth Amendment right to effective assistance of counsel was violated.

The benchmark for judging any claim of ineffective assistance of counsel must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result. *Strickland v. Washington*, 466 U.S. 668, 686, 104 S. Ct. 2052, 80 L.Ed.2d 674 (U.S. 1984). To show ineffective assistance of

counsel, the defendant must first show that counsel's performance was so deficient that the attorney was not functioning according to Sixth Amendment standards. *Id*. at 687. Second, the defendant must show that counsel's performance prejudiced the defense. *Id*. at 687. To prove prejudice, a petitioner "must show that there is a reasonable probability, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 692. The defendant must prove his allegation that counsel was constitutionally ineffective by a preponderance of the evidence. *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

**2. Defense Counsel Was Not Ineffective For Failing to Conduct an Independent Examination of the Facts, Circumstances and Law Involved.**

Petitioner's first claim is that defense counsel conducted no investigation. Petitioner states that defense counsel did not prepare before or during trial. He argues that there is no evidence which suggests that defense counsel researched the confession, interviewed any potential witnesses or explored potential defenses.

Petitioner cannot meet his burden to show that either prong of the *Strickland* test was met. He cannot show that the performance of counsel fell below an objective standard of reasonableness nor that counsel's alleged deficient performance caused him to suffer actual prejudice. Defense counsel knew of Petitioner's confession before trial, and devised a strategy on how to attack it by suggesting through interrogation of the case agent that Petitioner was under the influence of drugs at the time he gave the statement.

Petitioner claims that defense counsel should have attacked the confession during pretrial motions. A high amount of deference is given to counsel's judgments. *Strickland*, 466 U.S. at 691. Petitioner does not identify any new or additional facts and material information that

defense counsel would have uncovered if counsel had conducted a more thorough investigation. *Brain v. United States*, 2011 U.S. Dist. LEXIS 38771, 20 (E.D. Tenn. April. 7, 2011).

Accordingly, the Court finds that the Petitioner is unable to show that the result would have been different; he is unable to meet the *Strickland* standard.

His second claim is that defense counsel wanted to call his wife, Mrs. Winborn, as a witness, but did not issue a subpoena for her.

Claims of ineffective assistance of counsel predicated upon bare allegations of uncalled witnesses are not favored in 28 U.S.C. §2255 proceedings. *Brain v. United States*, 2011 U.S. Dist. LEXIS 38771, 15 (E.D. Tenn. April. 7, 2011). Any allegations about possible testimony that might have been offered by a witness who was not called are viewed by the courts with great caution. *Evans v. Cockrell*, 285 F.3d 370, 377 (5th Cir. 2002); *United States v. Luciano*, 158 F.3d 655, 660 (2nd Cir. 1998). A court reviewing a claim of ineffective assistance must begin with a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689.

The decision to call a witness to testify is a matter of strategy that defense counsel controls. Defense counsel is strongly presumed to have rendered adequate legal assistance, and to have made all decisions in the exercise of reasonable professional judgment and sound strategy. *Strickland*, 466 U.S. at 689-90; *Nix v. Whiteside*, 475 U.S. 157, 165, 106 S. Ct. 988, 89 L. Ed. 2d 123 (U.S. 1986); *Skaggs v. Parker*, 235 F.3d 261, 268 (6th Cir. 2000). Defense counsel considered calling Petitioner's wife to the stand. He originally sought the Court's assistance in bringing her in as a witness. Without knowing what her testimony would be and how beneficial

5

it would be to the Petitioner, defense counsel chose not to call her as a matter of trial strategy. This is corroborated by the fact that defense counsel did not issue a subpoena for her.

> When making an allegation in which there was a failure of defense counsel to call a witness to testify, Petitioner at the very least is required to make an affirmative showing to four factors: (1) identity/name of uncalled witness; (2) availability of witness to testify; (3) specific details and substance of what the witness would have testified to at the sentencing hearing and (4) reasonable probability or likelihood that testimony of uncalled witness would have produced a different, more favorable result for Petitioner during sentencing. *Brain v. United States*, 2011 U.S. Dist. LEXIS 38771, 16 (E.D. Tenn. April. 7, 2011).

Petitioner failed to establish three of the four factors, and merely makes conclusory arguments. He assumes that because defense counsel wanted to call his wife as a witness, that necessarily meant that her testimony would help his case. Petitioner presents no evidence that his wife would have been available to testify. Furthermore, Petitioner does not indicate the specific details and substance of what his wife would have testified to and how that testimony would have been favorable to him. He is unable to show that testimony from his wife would have substantially changed the outcome at trial in his favor.

Petitioner is unable to meet the *Strickland* test for this claim.

### 3. Trial Counsel Was Not Ineffective For Misadvising Petitioner, Causing Him to Reject a Rule 11 Plea Agreement.

Petitioner argues that defense counsel should not have advised him to reject the Rule 11 Plea. He claims that if the plea was accepted, his sentencing guideline would have been 121-151 months. Moreover, he argues that the guideline he was given after the rejection of the plea was 151-188 months. Petitioner alleges defense counsel did not live up to the American Bar Association ("ABA") Standards for Criminal Justice concerning plea discussions and plea agreements; this standard discusses defense counsel's responsibilities:

aid[ing] the defendant in reaching a decision. . . [and] after appropriate investigation, [] advis[ing] the defendant of the alternatives available and address[ing] considerations deemed important by defense counsel or the defendant in reaching a decision. Defense counsel should not recommend to a defendant acceptance of a plea unless appropriate investigation and study of the case has been completed. 3 ABA Standards for Criminal Justice 14-3.2 (3d ed. 1999).

However, *Strickland* mandates that prevailing norms of practice as reflected in ABA Standards and the like are only guides to determine what is reasonable, and are not inexorable commands. *Strickland*, 466 U.S. 688 (emphasis added). A breach of an ethical standard does not translate into a Sixth Amendment transgression. *Nix*, 475 U.S. at 165. Courts must recognize that standards like the ABA may represent only the aspirations of a bar group rather than an empirical assessment of actual practice. *Padilla v. Kentucky*, 559 U.S. 356, 378, 130 S. Ct. 1473, 176 L. Ed. 2d 284 (2010).

Moreover, there is no guarantee that Petitioner would have obtained a more favorable sentence had he accepted the Rule 11 Plea, particularly since he confessed to his crime. Petitioner is unable to show that his sentence would have been less than 90 months, had he accepted the plea.

Petitioner does not satisfy *Strickland*.

**4. Petitioner is Not Entitled to an Evidentiary Hearing.**

The Sixth Circuit holds that when a factual dispute arises in a 28 U.S.C. §2255 motion, the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claim *unless* the record conclusively shows that the petitioner is entitled to no relief. *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007), *cert. denied*, *552 U.S. 1217, 128 S. Ct. 1311, 170 L. Ed. 2d 127 (2008)* (emphasis added). Stated another way, the court is not required to hold

7

an evidentiary hearing if the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or are conclusions rather than statements of fact. *Id*.

An evidentiary hearing is unnecessary. Petitioner admitted his involvement to the Government upon his arrest, and the quantities that he admitted to matched those of the relevant conduct that he was found responsible for at trial. Petitioner states that he would have been given a more favorable sentence had he accepted the Rule 11 Plea, but nothing supports his conclusion; he was given a sentence that was far below the applicable guideline range. Petitioner does not explain how the sentence would have been different, or ever lower. Mere conclusions are not enough.

The Court agrees with the Government's argument: that if the Petitioner had accepted the agreement and pled guilty, because of his confession, he would still have been convicted of the same charge on which the jury found him guilty.

Petitioner also argues that defense counsel failed to challenge his confession prior to trial. Petitioner has not provided factual support for this assertion. Courts are to recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Strickland,* 466 U.S at 690. There is a heavy measure of deference that is given to counsel's judgments. *Id*.at 691. An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment. *Id.*

**5. The Court Grants Petitioner a Certificate of Appeal.**

District courts are the initial decision makers on certificates of appealability under §2255. *Kincade v. Sparkman*, 117 F.3d 949 (6th Cir. 1997) (adopting analysis in *Lozada v. United States*, 107 F.3d 1011, 1017 (2nd Cir. 1997).

A petitioner seeking to appeal an adverse ruling in the district court on a petition for a writ of habeas corpus or on a 28 U.S.C. §2255 motion to vacate must obtain a certificate of appealabilty before proceeding. *Hand v. Houk*, 2014 WL 29508 at 1 (2014). 28 U.S.C. §2253 as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides in pertinent part:

(c)

(1)   Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from –

(A)   the final order in habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

(B)   the final order in a proceeding under §2255.

(1)   A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

(2)   The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

To obtain a certificate of appealability, Petitioner must show that jurists of reason would find it debatable as to whether Petitioner stated a valid claim of being denied a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595 (2000).

Petitioner alleges defense counsel conducted no investigation. He further argues counsel did not research his confession, interview potential witnesses or explore defenses. Petitioner gave a full statement to the Government, in which he admitted his involvement in the crime chaged.  The statement was used against him at trial. He argues that defense counsel should have

attacked his statement during pretrial proceedings. Furthermore, he argues that defense counsel should not have rejected the plea that was offered, since that would have put him in a more favorable sentencing guideline range.

Petitioner also claims defense counsel failed to call his wife as a witness. He states that counsel sought the court's assistance in bringing his wife to take the stand, yet counsel did not issue a subpoena to ensure her appearance. Petitioner says his wife's testimony would have been favorable to him.

Petitioner's habeas petition may be interpreted by some jurists as stating a valid claim of the denial of effective assistance of counsel.

The Court **GRANTS** a certificate of appeal.

## 6. Petitioner is not Entitled to Proceed In Forma Pauperis.

Petitioner request to proceed informa pauperis under. 28 U.S.C. §1915:

(a)

(1) Subject to (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

(2) A prisoner seeking to bring a civil action or appeal a judgment in a civil action or proceeding without prepayment of fees or security therefor, in addition to filing the affidavit filed under paragraph (1), shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained form the appropriate official of each prison at which the prisoner is or was confined.

If the district court grants the motion, the party may proceed on appeal without prepaying or giving security for fees and costs, unless a statute would provide otherwise. Under 28 U.S.C. §1915:

> (b) (1) Notwithstanding subsection (a), if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of –
>
> (A) the average monthly deposits of to the prisoners account; or
>
> (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.
>
>> (2) After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credit to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

Petitioner did not provide the Court with proof establishing his inability to pay or to give security for fees and costs, what his entitlement to redress is, and the specific issues that he intends to present on appeal.

The Court **DENIES** Petitioner in forma pauperis status for appeal, without prejudice.

## V. CONCLUSION

The Court **DENIES** Petitioner's habeas petition, **GRANTS** Petitioner's certificate of appeal and **DENIES** Petitioner in forma pauperis status for appeal, without prejudice.

**IT IS ORDERED.**

>                   S/Victoria A. Roberts
>                   Victoria A. Roberts
>                   United States District Judge

Dated: April 29, 2014

The undersigned certifies that a copy of this document was served on the attorneys of record and Roger Gregory Winborn by electronic means or U.S. Mail on April 29, 2014

s/Linda Vertriest
Deputy Clerk