UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

       Plaintiff,                 Case No: 12-20399
                                   Honorable Victoria A. Roberts

v.

Roger Gregory Winborn,

       Defendant.

_____/

## ORDER DENYING MOTIONS

### I.    Introduction

In the fall of 2012, a jury convicted Roger Gregory Winborn ("Winborn") for possession with intent to distribute oxycodone.  Winborn did not file a direct appeal; he filed a motion to vacate under 28 U.S.C. §2255.  This Court denied the motion.  The Sixth Circuit affirmed.

Three motions filed by Winborn are before the Court: (1) a Motion for New Trial (Doc. #44); (2) a Motion for Bond (Doc. #50); and (3) a Motion to Strike Government's Amended Brief (Doc. #51).

The motions are **DENIED**.

### II.    Motion to Strike Government's Amended Response

The Government submitted its Response to Winborn's Motion for New Trial on October 19, 2015.  (Dkt. 48).  The Response did not contain a table of authorities or a concise statement of issues as required by L.R. 7.1 (d)(2).  Three days later, the

Government submitted a nearly identical brief which contained a table of contents, tabbed exhibits and the previously omitted table of authorities and statement of issues. (Dkt. 49).

Winborn filed a Motion to Strike Government's Amended Brief, arguing the Brief is untimely and that it is unfair to allow the Government to submit multiple replies.

The Court finds the amendments made by the Government are minor and comply with local rules. Winborn will not suffer prejudice if the Court accepts the Amended Response.

Winborn's Motion to Strike Government's Amended Brief is **DENIED**.

### III.   Motion for New Trial

#### A.   Newly Discovered Evidence

Winborn asks for a new trial based on newly discovered evidence. He says this evidence proves prosecutors failed to disclose that government witness Lawrence Pratt ("Pratt") received assurances that he would not be prosecuted in return for his testimony. In support, Winborn provides an affidavit, signed by himself, stating that while Winborn was getting a carry out meal with his brother in law, Robert Gholston, Pratt approached Winborn and said "I'm sorry but they told me either I testify against you or they would charge me."

Winborn also attaches an affidavit by Gholston. In the affidavit, Gholston says he observed Winborn speaking with a person whom he later learned was Pratt. Gholston's affidavit does not say that he heard any of the conversation between Pratt and Winborn.

2

Winborn also attaches sections of the trial transcript.

The Court may grant a new trial if the interests of justice so require.  Fed. R. Crim. P. 33(a).  To succeed on a motion for new trial based on newly discovered evidence, the defendant has the burden to establish the following elements:  (1) the new evidence was discovered after the trial; (2) the evidence could not have been discovered earlier with due diligence; (3) the evidence is material and not merely cumulative or impeaching; and (4) the evidence would likely produce an acquittal. *United States v. Turner*, 995 F.2d 1357, 1364 (6th Cir. 1993), citing *United States v. Barlow*, 693 F.2d 954 (6th Cir.1982).  See also, *United States v. Smith*, No. 14-20303, 2015 WL 4276163, at *1 (E.D. Mich. July 14, 2015).

The Government denies any agreement between itself and Pratt.  It says: (1) DEA Task Force Officer Michael Connolly, who was present during meetings between the Government and Pratt, testified Pratt was neither offered a deal nor instructed to cooperate; (2) Pratt was cross-examined and testified that he had "heard nothing" from the Government regarding his own prosecution; (3) the Assistant United States Attorney assigned to the case declares under penalty of perjury that there were no agreements or assurances given to Pratt to induce him to testify against Winborn; and (4) Pratt was recently interviewed by the DEA in response to Winborn's motion and stated that he was not offered an agreement or any assurances in exchange for his testimony.  The Government says the only evidence of an undisclosed non-prosecution agreement is Winborn's own affidavit and he has failed to meet his burden to establish that such an agreement existed.

The Court agrees that Winborn has failed to meet his burden.  The only new

3

evidence Winborn proffers is an oral statement by Pratt.  The affidavit by Gholston says he saw Winborn speaking with a person he later learned was Pratt, but Gholston does not say that he heard the statement.  The Government provided a declaration by the Assistant United States Attorney responsible for the trial.  (Dkt. 49, Exhibit 1).  It says Pratt was not offered a written or oral agreement in exchange for testimony.  The Government also attached a report of investigation, saying Pratt was interviewed on October 8, 2015, and while Pratt admitted seeing Winborn in a restaurant approximately two months after the trial (at the bar inside the Benihana restaurant), they did not talk. (Dkt. 49, Exhibit 2).

In light of Pratt's testimony on cross examination and the additional evidence submitted by the Government in its Response, the alleged new statement by Pratt - supported only by an affidavit by Winborn - is not enough to entitle Winborn to a new trial.  *United States v. Coker*, 23 F. App'x 411, 412 (6th Cir. 2001) (unpublished) (defendant not entitled to new trial on grounds that government witness recanted inculpatory testimony).   The Court views an affidavit by Winborn with skepticism and notes the evidence against Winborn at trial was substantial.

 Winborn's Motion for a New Trial on the grounds of newly discovered evidence is **DENIED**.

### B.    Selective Prosecution

In addition to requesting a new trial based on newly discovered evidence, Winborn also advances a selective prosecution claim.

Federal Rule of Criminal Procedure 12(b)(3)(A)(iv) requires that a defense,

4

objection or request based on selective or vindictive prosecution, must be raised by a pretrial motion. Rule 12(c) states that failure to make such a pretrial motion renders the motion untimely. Fed. R. Crim .P. 12(c)(3).  A court may still consider the defense, objection, or request if the party shows good cause.  *Id.*

Winborn concedes he did not make a pretrial motion under Rule 12 based on selective prosecution.  Nonetheless, he says he demonstrates good cause because it was only after proceedings concluded that he learned the alleged co-conspirators avoided prosecution.  Winborn says the people who were not charged are Caucasian, and therefore the decision not to prosecute had discriminatory effect.

"To prevail on a selective prosecution claim, a defendant must show that the federal prosecutorial policy had both a discriminatory effect and a discriminatory intent." *United States v. Jones*, 159 F.3d 969, 976 (6th Cir. 1998).  To establish discriminatory intent where selective prosecution based on race is alleged, a claimant must show the prosecutorial policy was motivated by racial animus.  *Id.* at 977.  To establish discriminatory effect, a claimant must demonstrate that similarly situated individuals of a different race were not similarly prosecuted.  *Id. at 977.*  The standard to prove this type of claim is particularly demanding, and requires a criminal defendant to introduce "clear evidence" to displace the presumption that a prosecutor has acted lawfully. *United States v. Odeh*, No. 13-20772, 2014 WL 5023457, at *3 (E.D. Mich. Oct. 8, 2014), citing, *Reno v. American–Arab Anti–Discrimination Comm.*, 525 U.S. 471, 489 (1999).

There is no evidence in the record of either discriminatory intent or effect on the part of the government's prosecution of Winborn.  Winborn's claim lacks merit.  See, *United States v. Henderson*, 174 F. App'x 880, 883 (6th Cir. 2006).  Winborn says the

people who were not charged are Caucasian and therefore the decision not to prosecute had discriminatory effect. However, this allegation without more, is not enough for Winborn to meet his burden to establish a selective prosecution. It is also not enough to warrant discovery.

Winborn's Motion for a New Trial based on selective prosecution is **DENIED**.

In his Motion for a New Trial, Winborn attached requests under the Freedom of Information Act and asks the Court to order the documents requested. The Court declines to do so; Winborn received responses from the U.S. Department of Justice which clearly outline the procedures if he is not satisfied with the response to his request.

## IV.   Motion for Bond

Winborn requests release from custody and reinstatement of the conditions of the pre-trial bond. Winborn says the Court has inherent authority to grant bond pending an evidentiary hearing or final ruling on his Motion for New Trial. In support, Winborn relies on *Dotson v. Clark*, 990 F.2d 77, 79 (6th Cir. 1990).

Winborn says the following factors weigh heavily in favor of bond: (1) Government has conceded a hearing may be required; (2) the legal issues raised in the Motion for New Trial have substantial merit and are supported by affidavits; (3) Winborn is classified in an "out custody" status and housed at a prison camp; (4) Winborn has never violated the terms of his confinement and has not been disciplined by the Bureau of Prisons; (5) Winborn appeared for trial and for all required pretrial hearings.

The Government opposes the Motion; it says: (1) there is no mechanism for

Winborn to obtain bond at this time; (2) no motion under 28 U.S.C. §2255 is pending and, therefore, the Court lacks authority to release Winborn; (3) even if the Court had authority to release Winborn, he cannot establish the extraordinary circumstances necessary to invoke such authority; and (4) Winborn cannot obtain bond under Rule 46 and 18 U.S.C. §3143 in the absence of a pending appeal.

Fed. R. App. P. 23 governs the release or detention of a prisoner, state or federal, who collaterally attacks his criminal conviction. *United States v. Cornish*, 89 F. App'x 569, 570 (6th Cir. 2004) (unpublished) (citations omitted). Under Rule 23, a prisoner seeking release from custody must demonstrate "not only a substantial claim of law based on the facts surrounding the petition but also the existence of 'some circumstances making [the motion for bail] exceptional and deserving of special treatment in the interests of justice.' " *Id.* quoting, *Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir.1990).

His Motion for New Trial fails to demonstrate a substantial claim of law. Additionally, there has been no showing of exceptional circumstances.

Winborn's Motion for Bond is **DENIED**.

## V.   Conclusion

The Court **DENIES** Winborn's motions: (1) To Strike Government's Amended Brief (2)  for New Trial; and (3) for Bond.

**IT IS ORDERED**.


                                        S/Victoria A. Roberts
                                        Victoria A. Roberts
                                        United States District Judge

Dated:  December 23, 2015

| |
|---|
| The undersigned certifies that a copy of this document was served on the attorneys of record and Roger Winborn by electronic means or U.S. Mail on December 23, 2015.<br><br>s/Linda Vertriest<br>Deputy Clerk |

8